```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

   CHARLENE BRANEON                        CIVIL ACTION

   VERSUS                                  NO: 06-9921

   ALLSTATE INSURANCE COMPANY,             SECTION: "J" (3)
   ET AL.
```

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand. (Doc. 9.) The motion is opposed. For the following reasons the Court finds that the motion should be GRANTED.

Plaintiff owns a residence in New Orleans that was damaged by Hurricane Katrina. Plaintiff had a homeowner's policy with Allstate Insurance Company that was procured for her by James Williams. Plaintiff received estimates and bills for repairs from Lockett Construction Company. Plaintiff sued Allstate, Williams, and Lockett in State court stating various causes of action. Plaintiff, Williams, and Lockett are all Louisiana citizens. Allstate removed the case to this Court claiming that diversity jurisdiction exists because Williams and Lockett were improperly joined.

To state a cause of action for breach of a procuring insurance agent's fiduciary duty, a plaintiff must show (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured. *Offshore Prod. Contractors, v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-731 (La. 1973)). In determining the validity of an allegation of improper joinder, this Court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Louisiana law provides that an action, whether in tort or contract, against an insurance agent must be brought within one year of the "act, omission, or neglect" or within one year from the date the act or omission was or should have been discovered. La. R.S. § 9:5606. Even in "discovered" cases, the suit must be filed within three years of the act or omission. *Id.* These periods are peremptive periods and cannot be renounced, interrupted, or suspended. *Id.*

The Petition alleges that Plaintiff discussed the limits and scope of coverage regarding hurricane damage with Williams and requested changes within the last three years.[1]  Plaintiff alleges that Williams failed to advise her as to the availability of excess flood insurance and failed to procure adequate flood insurance, among other allegations.  Allstate argues that Plaintiff has failed to state a cause of action against the agent, that any cause of action would be perempted, and that the cause of action is improperly joined as a procedural matter.  The Court cannot tell from the Petition what Plaintiff requested of her agent or when Plaintiff received notice that her request was not adequately met.  Construing the Petition liberally, Plaintiff has stated a cause of action against the local agent, Williams.  Allstate's assertion that the policy was issued in February 2005, more than a year before suit was filed, does not entirely dispose of the issue.  Neither are the claims against the agent unrelated to the claims against the insurer so as to be improperly joined as a procedural matter.[2]

---

[1] Plaintiff also alleges that she discussed her coverage "within the last year." Because the case was filed on August 28, 2006, a discussion in the year preceding filing would not likely implicate a claim based upon damage caused by Hurricane Katrina, which hit on August 29, 2005.

[2] The Court declines to determine whether improper joinder as a procedural matter would qualify as improper joinder for

The inability to make a determination in a summary manner as to the existence of a cause of action or the application of peremption leads the Court to conclude that Allstate has not carried its burden in support of removal. *See Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 9) is **GRANTED**.

New Orleans, Louisiana this the 14th day of March, 2007.

```
                        CARL J. BARBIER
                        UNITED STATES DISTRICT JUDGE
```

---

removal purposes.